UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A.R.T. TRANSPORTATION, LLC<br>- Formerly known as -<br>ABSOLUTE ROYAL TRANSPORTATION, LLC<br>*Plaintiff* | CIVIL ACTION NO.<br>JURY TRIAL DEMANDED |
| VERSUS | |
| TAYLOR BUS SALES, INCORPORATED<br>*Defendant* | |

FILED: _____        _____
                                                                    DEPUTY CLERK

## COMPLAINT FOR CIVIL CASE ALLEGING BREACH OF CONTRACT
## (28 U.S.C. 1332; DIVERSITY OF CITIZENSHIP)

### I.    THE PARTIES TO THIS COMPLAINT

1.

**A. Plaintiff**

The Plaintiff is A.R.T. TRANSPORTATION, LLC (hereinafter referred to as "A.R.T.") formerly known as ABSOLUTE ROYAL TRANSPORTATION, LLC (hereinafter referred to as "Absolute Transportation"), a Louisiana Limited Liability Corporation.

2.

**B. Defendant**

Upon information and belief, Defendant is TAYLOR BUS SALES, INCORPORATED (hereinafter referred to as "TAYLOR BUS"), a Kentucky Corporation.

## II.     THE BASIS FOR JURISDICTION AND VENUE

3.

Federal courts are courts of limited jurisdiction. Under 28 U.S.C §1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000.00.

4.

### A. The Plaintiff

The Plaintiff, A.R.T formerly Absolute Transportation, is a citizen of the State of Louisiana. It is a limited liability corporation incorporated under the laws of the State of Louisiana and has its principal place of business in the Parish of Jefferson, State of Louisiana, at 4317 Stockton Street, Metairie, Louisiana 70001.

5.

### B. The Defendant

The Defendant, Taylor Bus, is incorporated under the laws of the State of Kentucky and has its principal place of business in the State of Kentucky, at 3584 Highway 641 South. Murray Kentucky 42071.

6.

### C. The Amount in Controversy

Plaintiff expressly avers that the amount in controversy exceeds $75,000.00.

7.

### D. Venue

Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendant sold school buses to Plaintiff for business operations in this District, and all or

most of the events giving rise to this action occurred in this District. 28 U.S.C. §1391(b); 42 U.S.C. §2000e-5(f)(3).

### III.   STATEMENT OF CLAIM

8.

Plaintiff, A.R.T formerly Absolute Transportation, brings this suit to recover damages sustained as a consequence of defendants' breach of contract. On August 6, 2021, Plaintiff entered into a contract of lease with Defendant Taylor Bus to lease four buses for the sum of $1,500.00 per month, or a total of $6,000.00 per month. The stated end of the lease term was May 31, 2022. This was a valid and enforceable contract. ***(Exhibit "A", Lease Agreement)***

9.

Charter Schools in New Orleans are responsible for providing transportation for students, each contracting with bus companies to provide the service. In reliance upon Plaintiff's lease with Defendant, Plaintiff entered into a contract to provide professional services to Lycée Francais de la Nouvelle Orleans (hereinafter "LFNO") is a charter school in New Orleans that offers French immersion curriculum. ***(Exhibit "B", Bus Contract between Plaintiff A.R.T. and LFNO)***

10.

Plaintiff A.R.T. was performing its contractual duties to Defendant Taylor Bus in good faith until two Acts of God prevented it from making <u>one</u> timely payment to Taylor Bus. Due to Hurricane Ida, schools were closed for an extended period of time. This adversely impacted Plaintiff A.R.T.'s revenue stream because LFNO was unable to make payments as students were not being transported to and from school every day during the closure. This situation was further

exacerbated by the recent surge of the Omicron variant of the Coronavirus. Both of these situations were beyond Plaintiff A.R.T,'s control and constitute Acts of God.

11.

John-Henry Trant, the Operations Manager of LFNO, explained the extenuating circumstances to Defendant Taylor Bus in correspondence and requested leniency. ***(Exhibit "C", Correspondence to Taylor Bus from John-Henry Trant)***

12.

Plaintiff A.R.T., LFNO, and Defendant Taylor Bus reached an oral agreement Plaintiff did not have to pay for the delinquent month until the LFNO reimbursed Plaintiff or until the end of the lease term. There are several witnesses to this oral agreement.

13.

On April 8, 2022, around 2:15 p.m., three (3) school buses disappeared from where they were parked in front of Lycée Francais de la Nouvelle Orleans' Johnson campus on Monroe Street in New Orleans, Louisiana. The New Orleans Police Department responded to a report of an auto theft outside the school in the 1800 block of Monroe. The Johnson campus served 3rd through 7th grade students. The students were scheduled to be dismissed at 3:30 p.m. With the school buses missing, the school asked parents to pick their children up. By Friday morning, the school had arranged for a different transportation company to take over the bus routes. The school directed further questions to the Plaintiff transportation company that operated the missing buses. ***(Exhibit "D", NOLA.com article "School buses that disappeared from Lycée Francais charter school were repossessed, not stolen" dated 4/08/2022)***

14.

The subject school buses were repossessed by Defendant Taylor Bus due to an error and corporate greed on the part of Defendant Taylor Bus.

15.

In an audio message left from Steve Houston (Head of Collections for Taylor Bus) to John-Henry Trant, Mr. Houston admits that he had been 'working with Wellington Beaulieu of A.R.T. since January 2021 and had set up a payment plan. Wellington was living up to his payment plan and doing everything that he was supposed to do. There was an error in accounting at the office and it was showing Wellington as two (2) months behind on payments that he had made by wire transfer. It was not entirely his fault that he lost those buses. They [Defendants] decided that they wanted to go ahead and sell them, so they went ahead and picked them up.' Mr. Houston stated that Plaintiff 'got a bad deal' and the buses were picked up over his objection. ***(Exhibit "E," Transcript of Audio Tape Message)***

### IV.   CLAIMS FOR RELIEF

### BREACH OF CONTRACT

16.

Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 15, above.

17.

To succeed on a breach of contract claim in Louisiana, a plaintiff must show "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the

breach), and (3) the failure to perform resulted in damages to the oblige." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 2011). To prove a bad faith breach of contract, a plaintiff must show the defendant "intentionally and maliciously" failed to perform the obligation. *Olympia Minerals, LLC v. HS Resources, Inc.*, 171 So. 3d 878, 897 (La. 2014) (quoting cmt. (b) to La. Civ. Code art. 1997).

18.

Plaintiff contends that Defendant Taylor Bus had a contractual duty under a valid and enforceable contract of lease. Plaintiff was acting in good faith and was in the process of fulfilling all obligations under the terms of the contract. Yet, Defendant Taylor Bus breached its contractual duties by wrongfully repossessing the school buses in furtherance of its greed to sell them to another third party. As a direct result of Defendant Taylor Bus's breach of contract, Plaintiff A.R.T. suffered the loss of its bus services contract with LFNO. It also suffered damages to its professional reputation.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19.

Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 18, above.

20.

To prove intentional infliction of emotional distress in Louisiana, plaintiff must show: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). Extreme and

outrageous conduct is that which exceeds "all possible [*214] bounds of decency" and is "regarded as atrocious and utterly intolerable in a civilized community." *Id.* "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.*

21.

With knowledge that Plaintiff A.R.T. was complying with its contractual obligations, with knowledge that it made an accounting error on its part, with knowledge that repossessing the school buses would cause Plaintiff to lose its contract with LFNO and damage Plaintiff's professional reputation in the community, Defendant Taylor Bus repossessed the buses to sell them and caused the owners of Plaintiff A.R.T. emotional distress.

## V. DAMAGES

22.

Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 21, above.

23.

The lease term was due to expire on May 31, 2022. As a direct, legal and proximate result of early termination of the lease contract, Plaintiff suffered actual damages in the amount of $84,000.00, to be proven at trial. Additionally, as a result of Defendant's actions, Plaintiff suffered damage to its business reputation as a bus transportation company resulting in damages in an amount to be proven at trial.

24.

Defendant's unlawful actions were intentional willful, malicious, and/or done with reckless disregard to Plaintiff's business reputation.

25.

Plaintiff is entitled to reasonable attorneys' fees and costs of this suit.

## VI.     CERTIFICATION AND CLOSING

26.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## VII.     REQUEST FOR TRIAL BY JURY

27.

Plaintiff demands a jury trial on all causes of action and claims to which it has a right to a jury trial.

## VIII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff **A.R.T. TRANSPORTATION, LLC**, formerly known as **ABSOLUTE ROYAL TRANSPORTATION, LLC**, prays that the Defendant **TAYLOR BUS SALES, INCORPORATED** be served with this Complaint and compelled to Answer, and that after all due proceedings are held, there be judgment herein as follows:

A. For actual damages in the amount of 84,000.00;

B. For compensatory damages for Plaintiffs' emotional distress and damage to business reputation;

C. For judicial interests from the date of the demand;

D. For attorneys' fees and costs of this suit; and

E. For such other and further relief as this Court deems just and proper.

Date of signing: May 18, 2022

                        RESPECTFULLY SUBMITTED:

                        THE BAGNERIS FIRM, LLC

                        */s/ Suzette P. Bagneris*
                        _____
                        Suzette P. Bagneris (LSBA No. 22241)
                        Emile A. Bagneris, III (LSBA No. 22240)
                        1929 Jackson Avenue
                        New Orleans, Louisiana 70113
                        Telephone: (504) 810-3995
                        Facsimile: (504) 336-2198
                        Email: sbagneris@bagnerislawfirm.com

Service Information:

TAYLOR BUS SALES, INCORPORATED
Through its registered agent for service of process:
DAVID M. TAYLOR
Post Office Box 389
Murray, Kentucky 42071